# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1619V
Filed: October 28, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| KIM B. RHODES, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Milton Clay Ragsdale, IV, Esq.*, Law Offices of M. Clay Ragsdale, Birmingham, AL, for petitioner.
*Lynn Christina Schlie, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 17, 2019, Kim B. Rhodes filed a petition for compensation under the National Vaccine Injury Compensation Program[2] alleging that she developed clinical rheumatoid arthritis as a result of the influenza ("flu") vaccine she received on October 21, 2016. Petition, ECF No. 1.

Petitioner filed a Motion for Interim Attorneys' Fees and Costs on April 7, 2025. Motion for Interim Fees, ECF No. 83. Petitioner requests a total of **$152,349.95,** representing $135,319.00 in attorneys' fees and $17,030.95 in costs. *Id*. at 5, 12. Respondent filed a response on April 10, 2025, deferring to the undersigned to determine whether the standard for an award of interim

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

attorneys' fees and costs was met and, if so, to determine a reasonable award. Response, ECF No. 84. Petitioner did not file a reply.

For the reasons set forth below, petitioner's Motion for Interim Fees is **GRANTED**.

## I.    Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### A.    Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and the claim was "brought 'in good faith' and with 'a reasonable basis.'" *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." 515 F. 3d at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for over six years[3], which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). During the pendency of her claim, petitioner has filed extensive medical records, three expert reports, and a Motion for Ruling on the Record with a substantive brief and reply. As such, petitioner has expended significant time and costs in litigating this matter thus far, and it will be some time before a decision is complete. At this juncture, I find that petitioner has satisfied the good faith and reasonable basis requirements to allow for an award of attorneys' fees. Further, the circumstances of this case warrant an award of interim fees and costs to not impose economic hardship on petitioner.

**B.    Reasonable Hourly Rates**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioner requests the following rates on behalf of Mr. Ragsdale: $420 for work performed in 2019, $430 for 2020, $450 for 2021, $485 for 2022, $530 for 2023, $565 for 2024, and $580 for 2025. On behalf of attorney Allison Riley, petitioner requests the following rates: $305 for work performed in 2019, $325 for 2020, $350 for 2021, $375 for 2022, $410 for 2023, $450 for 2024, and $480 for 2025. Finally, petitioner requests the following rates on behalf of the paralegals who

---

[3] It is worth noting that, together, the parties have filed a total of eighteen (18) motions for extension of time thus far in this matter.

[4] The 2015-2025 Fee Schedules can be accessed at https://www.cofc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

worked on her case: $150 for work performed in 2019, $141 or $155 for 2020, $150 or $170 for 2021, $160 or $177 for 2022, $180 for 2023, $175 or $190 for 2024, and $180 or $195 for 2025. Motion for Interim Fees 6-10. The requested rates have been awarded in prior cases and are consistent with the rates established in the Fee Schedule. *See Williamson v. Sec'y of Health & Human Servs.*, No. 23-1149V, 2025 WL 2742024, at *1 (Fed. Cl. Spec. Mstr. Aug. 26, 2025); *Eason v. Sec'y of Health & Human Servs.*, No. 18-406V, 2024 WL 4866808, at *2 (Fed. Cl. Spec. Mstr. Oct. 31, 2024); *Eastman v. Sec'y of Health & Human Servs.*, No. 18-250V, 2023 WL 5500399, at *4 (Fed. Cl. Spec. Mstr. Aug. 3, 2023).

Accordingly, the rates as requested are awarded herein.

**C.    Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, the entries adequately describe the work performed, and the time billed corresponds with that work. I have not found any entries to be objectionable, nor has respondent raised any specific objection. Thus, the hours spent on this matter are reasonable. Motion for Interim Fees at 22-37.

**D.    Reasonable Costs**

Petitioner requests a total of $17,030.95 in costs. Motion for Interim Fees at 41-64. Some of the costs are associated with medical records requests, medical literature, and the filing fee.

4

These costs are routinely awarded in vaccine cases and are supported by the receipts filed. Thus, they are awarded in full.

The remaining costs are for petitioner's expert, Dr. Chander Raman. Petitioner requested a total of $15,487.50 on behalf of Dr. Raman. Dr. Raman charged at an hourly rate of $425 for 2022 and $450 for 2023 and 2024 for a total of 35.5 hours of work to prepare three expert reports in this matter. Motion for Interim Fees at 11-12, 41-42. This is consistent with what Dr. Raman has been awarded in the past. *See Vice v. Sec'y of Health & Human Servs.*, No. 17-1568V, 2025 WL 1588018, at *1 (Fed. Cl. Spec. Mstr. May 12, 2025). He documented his time with sufficient detail, and I find 35.5 hours spent across three expert reports to be reasonable. Thus, the costs associated with Dr. Raman are awarded in full.

### IV. Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED.** Accordingly, I award a total of **$152,349.95**, representing $135,319.00 in attorneys' fees and $17,030.95 in costs, **to be paid through an ACH deposit to petitioner's counsel Mr. Ragsdale's IOLTA account for prompt disbursement.** The clerk shall enter judgment accordingly.[5]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.